UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

         v.                                  DECISION AND ORDER
                                                12-CR–308

RAJ CHOPRA, et al.,

                        Defendants.

---

This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr. for supervision of all pretrial proceedings. Defendant Raj Chopra filed a motion to suppress evidence seized pursuant to search warrants issued on April 19, 2011, April 20, 2011, May 16, 2011 and February 24, 2012, and to obtain a *Franks* hearing. (Dkt. No. 10) Co-defendant Sean Doctor joined in the motion. (Dkt. No. 9) Defendants challenged the warrants themselves, arguing, *inter alia*, that they were defective, based upon stale or unreliable information and overbroad. Defendants also argued that, in gathering information used to obtain the warrants, government agents illegally trespassed on their property, in violation of their Fourth Amendment rights.

The Government opposed the motions. (Dkt. No. 13) An evidentiary hearing was conducted by Magistrate Judge Schroeder on November 19, 2013 and December 19, 2013. The parties filed post hearing briefs. (Dkt. Nos. 24 and 25)

On July 10, 2014, Magistrate Judge Schroeder issued a comprehensive and detailed 41-page Report and Recommendation recommending that defendants' motion to suppress all of the evidence seized pursuant to the search warrants of April 19, 2011, April 20, 2011, May 16, 2011 and February 24, 2012 be denied in all respects and that defendants' request for a *Franks* hearing be denied.  (Dkt. No. 29)

Defendants filed objections to the Report and Recommendation on August 14, 2014.  (Dkt. Nos. 33 and 34)  The Government filed a response to defendants' objections on September 5, 2014 (Dkt. No. 35), and defendants filed replies on October 14, 2014 (Dkt. Nos. 37 and 38).  This Court heard oral argument on defendants' objections on October 29, 2014.

Pursuant to 28 U.S.C. §636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made.  Upon *de novo* review and after reviewing the submissions of the parties and hearing oral argument, the Court adopts the proposed findings of the Report and Recommendation in their entirety.

The Court notes that in their objections, defendants argue that the "Magistrate Judge's finding which ratified Agent Derx's perjury resulted from either improper favoritism or from the receipt of *ex parte* information...and either ground requires rejection of the report and recommendation."  The Court has carefully considered the entire record and finds there to be no evidence

2

whatsoever that Magistrate Judge Schroeder ratified perjury, demonstrated improper favoritism, or considered *ex parte* information.  Instead, Magistrate Judge Schroeder, after hearing all of the evidence and testimony and observing the demeanor of the witnesses, found the agents, including Agent Derx, to be credible.  Magistrate Judge Schroeder further found that an inconsistency in Agent Derx's testimony about when he knew that defendant Chopra owned the premises neither impacted Agent Derx's credibility nor was of legal consequence in determining whether there was probable cause to issue the search warrant.

The Second Circuit has instructed that where a Magistrate Judge conducts an evidentiary hearing and makes credibility findings on disputed issues of fact, the district court will ordinarily accept those credibility findings.  *See Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) ("[A] district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge.") (quoting *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999); *see also Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised.").  In accordance with these principles, the Court adopts the credibility findings of Magistrate Judge Schroeder.

For these reasons as well as all of the reasons set forth in Magistrate

Judge Schroeder's Report and Recommendation, defendants' motions to suppress evidence found as a result of the April 19, 2011, April 20, 2011, May 16, 2011 and February 24, 2011 search warrants are denied in all respects.  The parties shall appear before this Court on December 5, 2014 at 12:30 p.m. for a status conference and/or meeting to set a trial date.

    SO ORDERED.

                              *Richard J. Arcara*
                              HONORABLE RICHARD J. ARCARA
                              UNITED STATES DISTRICT COURT

Dated:   December 1, 2014